**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMIRAH MOSED,

        Plaintiff,

                                            Case No. 18-cv-

v.                                       Hon.

MELVINDALE-NORTHERN ALLEN PARK
SCHOOL DISTRICT,

        Defendant.

_____

David A. Nacht (P47034)
Charlotte Croson (P56589)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main St., Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dnacht@nachtlaw.com
ccroson@nachtlaw.com

## COMPLAINT AND JURY DEMAND

Plaintiff, Amirah Mosed by and through her attorney, NACHTLAW, P.C.,

hereby alleges as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Amirah Mosed, is an individual residing in the City of Detroit, County of Wayne, State of Michigan, United States of America.

2.      Defendant Melvindale-Northern Allen Park School District is a duly constituted Public School District principally located in the City of Melvindale, Wayne County, Michigan.

3.      This action arises under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e, *et seq.*; and Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA").

4.      This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (jurisdiction over civil rights claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiff's state law claims of discrimination, retaliation, and hostile work environment in violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq.* (ELCRA).

5.      The facts and unlawful employment practices within the meaning of Title VII, and the ELCRA giving rise to this Complaint occurred within the Eastern District of Michigan.

6.       Defendant is and employer and Plaintiff was its employee at all relevant times within the meaning of Title VII, and the ELCRA.

2

## **FACTUAL ALLEGATIONS**

7.     Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

8.     Plaintiff is of Yemeni/Arab descent and is of the Islamic faith, *i.e.* is a Muslim.

9.     Plaintiff was hired by Defendant in or about August, 2014 as a teacher in Allendale Elementary School.

10.     Plaintiff's final position with Defendant was as a 5th grade teacher at Allendale Elementary school.

11.     At all times relevant hereto, Plaintiff performed her job diligently and with a high degree of competence.

12.     During her employment, Plaintiff was the only Arabic/ Muslim Teacher who dressed culturally, *e.g.*, with an hijab and/or an abayah.

13.     Plaintiff was subjected to harassment, a hostile environment, and adverse employment actions because of and/or motivated by her national origin and/or religion including, but not limited to:

  a. Being subjected to unwarranted discipline, including write-ups, verbal warnings, and minimally effective reviews;

  b. Being treated with disrespect in front of students, staff and other employees including, but not limited to, being yelled at on multiple time occasions;

c. Being treated with hostility and intimidation including, but not limited to, being told that she was an unsafe person, that her students were not safe with her, that she was mean and scary, and that students were afraid of her;

d. Being bullied by Supervisors including, but not limited to, being told she should find a job in Dearborn; and

e. Being told to resign or be fired.

14. Defendant did not subject similarly situated employees who were not Yemeni, Arab, and/or Muslim to the same treatment.

15. Because of the discriminatory treatment and harassment, Plaintiff was constructively discharged by Defendant on or about May 15, 2017.

16. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and harassment on the basis of her Religion on May 18, 2017.

17. Plaintiff's charges were within 300 days of the commission of the unlawful employment practices alleged in this claim.

18. Plaintiff received her notice of right to sue on or about November 21, 2017, and she has filed this complaint within 90 days of receiving her notice of rights.

4

## COUNT I
## RELIGIOUS DISCRIMINATION
## IN VIOLATION OF TITLE VII

19. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

20. Plaintiff's is a member of a protected group under the Civil Rights Act, 42 U.S.C.A. § 2000e, *et seq.*, on the basis of her religion, to wit: Islam.

21. Defendant violated the aforementioned statute by the following acts:

a. Terminating or constructively discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of her religion;

b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of her national origin;

c. Segregating, classifying, or otherwise discriminating against Plaintiff on the basis of her national origin with respect to a term, condition or privilege of employment, including a benefit plan or system;

d. Subjecting Plaintiff to a hostile and harassing environment on the basis of her religion; and/or

e. Failing to provide a work environment free from national origin discrimination.

22. Defendant's actions in violation of Title VII were willful.

23. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and

embarrassment, and the physical effects associated therewith, and will so suffer in the future.

24.     As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff requests that this Court enter Judgment in favor of Plaintiff and against Defendant in whatever amount this Court deems reasonable, together with costs, interest and attorneys' fees.

## COUNT II
## RELIGIOUS DISCRIMINATION
## IN VIOLATION OF THE ELCRA

25.     Plaintiff incorporated by reference of a protected group under the Elliot Larsen allegations.

26.     Plaintiff is a member of a protected group under the Elliott Larsen Rights Act, M.C.L.A. 37.2101, *et seq.*, on the basis of her religion.

27.     Defendant violated the aforementioned statute by the following acts:

a.      Terminating or constructively discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of her religion;

6

b.  Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of her religion;

c.  Segregating, classifying, or otherwise discriminating against Plaintiff on the basis of her national origin with respect to a term, condition or privilege of employment, including a benefit plan or system;

d.  Subjecting Plaintiff to a hostile and harassing environment on the basis of her religion; and/or

e.  Failing to provide a work environment free from national origin discrimination.

28.  Defendant's actions in violation of the ELCRA were willful.

29.  As a direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

30.  As a further direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff requests that this Court enter Judgment in favor of Plaintiff and against Defendant in whatever amount this Court deems reasonable, together with costs, interest and attorneys' fees.

## COUNT III
## NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF THE ELCRA

31. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

32. Plaintiff is a member of a protected group under the Elliott Larsen Rights Act, M.C.L.A. 37.2101, *et seq.*, on the basis of her national origin, to wit, Yemeni/Arab.

33. Defendant violated the aforementioned statutes by the following acts:

a. Terminating or constructively discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of her national origin;

b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of her national origin;

c. Segregating, classifying, or otherwise discriminating against Plaintiff on the basis of her national origin with respect to a term, condition or privilege of employment, including a benefit plan or system;

d. Subjecting Plaintiff to a hostile and harassing environment on the basis of her national origin; and/or

e. Failing to provide a work environment free from national origin discrimination.

34.    Defendant's actions in violation of Title VII and the ELCRA were willful.

35.    As a direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

36.    As a further direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff requests that this Court enter Judgment in favor of Plaintiff and against Defendant in whatever amount this Court deems reasonable, together with costs, interest and attorneys' fees.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

a.    Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII and the ELCRA;

9

b.      Award Plaintiff all lost wages and benefits, past and future, to which she is entitled;

c.      Award Plaintiff appropriate equitable relief;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff exemplary damages;

f.      Award Plaintiff punitive damages;

g.      Award Plaintiff reasonable attorney fees, costs and interest; and

h.      Award such other relief as this Court deems just and proper.

Respectfully submitted

NACHTLAW, P.C.


/s/ DAVID A. NACHT
David A. Nacht (P47034)
Charlotte Croson (P56589)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI  48104
(734) 663-7550
dnacht@nachtlaw.com
ccroson@nachtlaw.com

Dated:  February 16, 2018

10

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMIRAH MOSED,

        Plaintiff,                        Case No.

v.                                    Hon.

MELVINDALE- NORTHERN ALLEN PARK
SCHOOL DISTRICT,

        Defendant.
_____

David A. Nacht (P47034)
Charlotte Croson (P56589)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main St., Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dnacht@nachtlaw.com
ccroson@nachtlaw.com

---

### JURY DEMAND

    NOW COMES Plaintiff, Amirah Mosed, by and through her attorneys, NACHT LAW P.C., and hereby demands a trial by jury of the issues in the above-captioned cause of action.

11

Respectfully submitted

NACHTLAW, P.C.


*/s/ DAVID A. NACHT*
David A. Nacht (P47034)
Charlotte Croson (P56589)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI  48104
(734) 663-7550
dnacht@nachtlaw.com
ccroson@nachtlaw.com

Dated:  February 16, 2018

12